ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
Petitioner, Geoffrey Duane Thomas, applied to sit for the February 2000 Louisiana bar examination. On his application, petitioner answered affirmatively to a question inquiring whether he had ever defaulted on student loans, and he provided the Committee on Bar Admissions (“committee”) with a detailed explanation *532 of the circumstances contributing to the default. However, there was no indication that petitioner had entered into any agreement concerning repayment of the defaulted loans; as a result, the committee informed him that he did not satisfy his burden of establishing good moral character and fitness, which would cause the committee to recommend that petitioner’s application for admission be denied.
This court subsequently permitted petitioner to sit for the February bar examination, but upon successful completion of the examination, required that he demonstrate he meets the qualifications for admission. On April 13, 2000, the committee notified petitioner that he had successfully passed the essay portion of the Louisiana bar examination. On May 16, 2000, petitioner filed his application for admission in this court. Petitioner represents that he has entered into a “loan rehabilitation agreement” which will enable him to have his loans removed from a defaulted status and to establish a new payment schedule with the loan guarantor.
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of eighteen months. During this period, petitioner shall provide evidence to the committee, on at least a quarterly basis, demonstrating that he has made a good faith effort to comply with the loan rehabilitation agreement. Should petitioner fail to make a good faith effort to comply with this agreement, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
TRAYLOR, J., dissents from the order and would deny the writ.

 Johnson, J., not on panel. Rule IV, Part II, § 3.